UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| PIERRE HORTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 13-3387 |
| | ) | |
| WANDA L. KLEINLEIN, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## **SUMMARY JUDGMENT OPINION**

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and presently incarcerated at Lawrence Correctional Center, brought the present lawsuit pursuant to 42 U.S.C. § 1983 alleging retaliation, excessive force, and related state law claims. Defendants Kleinlein and Goins now move for summary judgment on Plaintiff's retaliation claims against them. (Doc. 84). The motion is granted in part and denied in part.

## **LEGAL STANDARD**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). All facts must be construed in the light most favorable to the

non-moving party, and all reasonable inferences must be drawn in his favor.  Ogden v. Atterholt, 606 F.3d 355, 358 (7th Cir. 2010).  The party moving for summary judgment must show the lack of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

**FACTS**

At all times relevant, Plaintiff was incarcerated at Western Illinois Correctional Center ("Western").  Both Defendants worked at the facility: Defendant Kleinlein was a correctional sergeant, and Defendant Goins was the grievance officer.

Starting in 2011, Plaintiff testified in his deposition that, on four (4) separate occasions, Defendant Kleinlein either prevented him from going to get "chow" (a meal) or sent him back from chow

before he was able to eat.  Pl.'s Dep. 21:1-10.  Plaintiff testified that Defendant Kleinlein did not provide any reasons for doing so.  Id.

On December 15, 2012, Defendant Kleinlein prevented Plaintiff from going to chow, apparently because Plaintiff was not appropriately dressed—his shirt was allegedly untucked and his pants were unzipped.  Id. 45:5-9.  Plaintiff was sprayed with chemical spray after refusing commands to "cuff up."  During a physical altercation that ensued, Plaintiff struck Defendant Kleinlein twice in the face.  Plaintiff does not deny striking Defendant Kleinlein, he only disputes that it was intentional.  Plaintiff lost good-time credit in the disciplinary proceeding that followed, and he later pleaded guilty to the resulting criminal charges.

As it relates to Defendant Goins, Plaintiff testified that he had filed several grievances against prison officials.  E.g., id. 104:13-16.  In her capacity as grievance officer, Plaintiff testified that Defendant Goins told the subjects of his grievances that Plaintiff had been filing them, which in turn exposed Plaintiff to an increased risk of retaliation.  Plaintiff also testified that Defendant Goins failed to

respond to several of his grievances. Id. 105:4-5 (Defendant Goins "would take [the grievances] and get rid of them for some reason.").

The parties agree that a triable issue of fact exists as to the excessive force claims against the other defendants.

**ANALYSIS**

To prevail on a retaliation claim, the Plaintiff must show that he engaged in activity protected by the First Amendment; he suffered a deprivation that would likely deter First Amendment activity in the future; and the First Amendment activity motivated the decision to take retaliatory action. Bridges v. Gilbert, 557 F.3d 541, 553 (7th Cir. 2009). If Plaintiff can make a prima facie showing that his protected activity was a "motivating factor" that caused the alleged harm, then the burden shifts to the defendants to show that the harm would have occurred anyway, despite the protected activity. Greene v. Doruff, 660 F.3d 975, 979 (7th Cir. 2011).

Defendants do not argue that filing a grievance is a protected First Amendment activity. At least with respect to Defendant Kleinlein, Defendants also do not argue that Plaintiff has failed to make a prima facie showing of retaliation. Defendants Kleinlein and Goins argue that: (1) Plaintiff's retaliation claims against

Defendant Kleinlein are barred pursuant to Heck v. Humphrey, 512 U.S. 477 (1994); (2) Plaintiff's First Amendment activity was not the reason for Defendant Kleinlein's actions; and (3) Plaintiff cannot provide evidence to support his claims that Defendant Goins retaliated against him.  Defendants also assert a qualified immunity defense.

## Heck v. Humphrey

Defendant Kleinlein argues that Plaintiff's claims are Heck-barred because Plaintiff lost good-time credit after a disciplinary hearing and because he pleaded guilty to the resulting criminal charges.  "[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . ."  Heck, 512 U.S. at 487.  If it would, a plaintiff has no cause of action under § 1983 "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."  Id. at 489.  This requirement "is necessary to prevent inmates from doing indirectly through damages actions what they could not do directly by seeking injunctive relief—challenge the fact or duration of their confinement

without complying with the procedural limitations of the federal habeas statute." Nelson v. Campbell, 541 U.S. 637, 647 (2004).

The Heck doctrine extends to prison disciplinary actions. Edwards v. Balisok, 520 U.S. 641, 644-48 (1997). If a prisoner in a § 1983 claim insists on challenging a finding in his prison discipline case that was essential to the decision in that case, the civil rights case must be dismissed. Moore v. Mahone, 652 F.3d 722, 723 (7th Cir. 2011). Defendant Kleinlein argues that Plaintiff is barred from challenging the Adjustment Committee's factual findings. These findings include: "that Plaintiff was not prepared to go to chow, Defendant Kleinlein directed Plaintiff to go back to his cell to prepare to go at a later time, Plaintiff refused to comply with multiple direct orders to return to his cell and then to cuff up, Defendant Kleinlein deployed a one-second burst of pepper spray to gain compliance, and thereafter Plaintiff assaulted her." (Doc. 85 at 9).

Plaintiff does not challenge that he struck Defendant Kleinlein, nor are his claims of retaliation limited to the December 15, 2012 incident. According to his deposition testimony, Defendant Kleinlein's alleged actions of retaliation began in 2011 and

continued over the course of at least one year.  Thus, even if the Court were to find that Heck precludes a challenge to the facts surrounding the December 15, 2012 incident, Plaintiff could still present evidence of retaliation.

Nonetheless, the Court does not read the relevant case law to impose an absolute preclusion to challenging any factual finding made as part of a disciplinary hearing that ultimately affects the duration of confinement.  Moore instructs that only challenges to essential factual findings require dismissal.  According to the Adjustment Committee report, Plaintiff was found guilty of the offense of "Assaulting any Person-Staff."  (Doc. 85-1 at 1). Defendants do not disclose what the elements of this offense entail, but given that Plaintiff does not challenge the finding that he struck Defendant Kleinlein, the Court fails to see how the result of the disciplinary hearing would change if any of the other facts were resolved differently.

The same reasoning applies to Plaintiff's criminal conviction. The criminal information filed in that case states that Plaintiff "knowingly and without legal justification, struck Sergeant Wanda Kleinlein twice in the face, knowing Sergeant Kleinlein to be a

correctional institution employee…." (Doc. 85-5 at 2). Plaintiff could have been found guilty solely upon his admission that he struck a prison guard. For these reasons, the Court finds that Plaintiff's claims are not precluded under Heck v. Humphrey, 512 U.S. 477 (1994).

**Motivation for the Alleged Actions**

Next, Defendant Kleinlein argues that Plaintiff was late for chow, not dressed appropriately, and, therefore, Plaintiff would have been denied an opportunity to go to chow regardless of any protected activity. Defendant Kleinlein alludes that Plaintiff violated some prison rule regarding an inmate's attire. Defendant Kleinlein has not provided the rule to the Court, nor has she submitted an affidavit outlining the reasons for her actions. In addition, she ignores Plaintiff's testimony regarding the prior instances that Plaintiff was allegedly denied food in retaliation for filing grievances.

In the absence of this evidence, the Court finds that Defendant Kleinlein has failed to show that the adverse consequences Plaintiff faced would have occurred in the absence of any First Amendment activity.

## Defendant Goins

Plaintiff alleges that Defendant Goins retaliated against him by (1) informing those officials against whom he filed a grievance that the grievance was filed and (2) not responding to his grievances. Plaintiff testified that he filed several grievances against the Defendants in this case and that some of these Defendants later told Plaintiff they had been informed of such. Pl.'s Dep. 102:16-18.

Defendant Goins disputes that Plaintiff filed any grievances against the Defendants. She states in her declaration that the grievance log discloses only two grievances Plaintiff filed during the relevant time period. (Doc. 85-6 at 2-3, ¶¶ 14-17). One of these grievances, Defendant Goins avers, related to medical treatment, while the other involves the conduct of a non-defendant correctional officer. (Doc. 85-7 at 1).

The grievance records are not dispositive. Under either scenario presented by the parties, no record of any grievances filed against the Defendants would be available—they either never existed or would have been destroyed. Thus, resolution of this issue depends upon a finding of credibility that the Court cannot

make at this stage.  Plaintiff's testimony, if believed by the trier of fact, is sufficient to support a finding that he filed the grievances.

Plaintiff contends Defendant Goins made him a "target" by informing those individuals against whom he filed grievances that the grievances had been filed.  Id. 119:15-19.  In response, Defendant Goins argues that if these individuals had been notified in the course of a grievance investigation, then the notifications would have occurred regardless of any retaliatory motive.  Plaintiff conceded this in his deposition testimony.  Pl.'s Dep. 110:1-12.  Therefore, the Court finds that Defendant Goins has provided sufficient evidence to rebut Plaintiff's claims of retaliation on this point.

As to the alleged failure to respond, Plaintiff cannot show that he suffered a sufficient deprivation as it relates to this conduct.  See Bart v. Telford, 677 F.2d 622, 625 (7th Cir. 1982) ("It would trivialize the First Amendment to hold that harassment for exercising the right of free speech was always actionable no matter how unlikely to deter a person of ordinary firmness.").

Plaintiff testified that he filed grievances throughout the relevant time period.  The only reasonable inference from this

testimony is that Plaintiff was not deterred from exercising his First Amendment rights as a result any prison official's failure to respond to a grievance. If prison officials failed to respond, Plaintiff was not hindered in his ability to pursue litigation under the Prisoner Litigation Reform Act as he is only required to exhaust available remedies. See Ross v. Blake, -- U.S. --, 136 S. Ct. 1850, 1856 (2016).

Accordingly, the Court finds that no reasonable juror could conclude that Defendant Goins violated Plaintiff's constitutional rights.

## Qualified Immunity

Defendants also assert a defense of qualified immunity. "[G]overnment officials performing discretionary functions are immune from suit if their conduct could reasonably have been thought consistent with the rights they are alleged to have violated." Borello v. Allison, 446 F.3d 742, 746 (7th Cir. 2006) (citations omitted). To determine if qualified immunity applies, the court conducts a two-prong analysis: (1) whether "the disputed conduct, as alleged, violates a constitutional right;" and, (2) "whether that right was 'clearly established' at the time of the alleged conduct."

Id. (citing Wernsing v. Thompson, 423 F.3d 732, 742 (7th Cir. 2005)). Disputed facts are viewed in the light most favorable to the plaintiff. Id.

Plaintiff's testimony, if believed by the trier of fact, could support a finding that he filed grievances, and, because of those grievances, Defendant Kleinlein obstructed Plaintiff's access to meals. At the time of the alleged constitutional violations, the principle that prison officials may not retaliate against inmates for filing grievances was well-established. See DeWalt v. Carter, 224 F.3d 607, 618 (7th Cir. 2000). Therefore, the Court finds that Defendants are not entitled to qualified immunity.

**IT IS THEREFORE ORDERED:**

1) **Defendants' Partial Motion for Summary Judgment [84] is GRANTED as it relates to Plaintiff's retaliation claims against Defendant Goins and DENIED as to all other claims and defendants. This case shall proceed on Plaintiff's claims against Defendants Kleinlein, Sutherland, and Darryl Flowers. Defendant Goins is dismissed with prejudice. Clerk is directed to terminate Defendant Goins.**

2) **A final pretrial conference is scheduled for       August 18, 2017, at 10 a.m.   . The Plaintiff shall appear by video conference and the attorney(s) shall appear in person before the court sitting in Springfield, Illinois. The clerk is to issue a writ for the Plaintiff's participation in the video conference.**

3) **The Court will send out proposed jury instructions and intends to ask the standard voir dire questions published on the Court's website (http://www.ilcd.uscourts.gov/ court-info/local-rules-and-orders/judge_orders_rules). By            August 4, 2017           , the parties shall file: 1) an agreed proposed pretrial order; 2) alternate or additional jury instructions (no duplicates); 3) motions in limine; and, (4) additional voir dire questions (not duplicative of the Court's). All proposed instructions shall be clearly marked, identifying the party, the number, and whether the instruction is additional or alternate (i.e., Pl.'s 1, additional; Pl.'s 2, alternate to Court's 3).**

4) **The Plaintiff and Defendants shall appear in person at trial. Inmates incarcerated within the Illinois Department of Corrections (IDOC) who are not parties to this case shall appear by video conference and IDOC employees who are not parties may also appear by video conference at trial. Other nonparty witnesses may appear by video at the court's discretion. Therefore, the proposed pretrial order must include: (1) the name, inmate number and place of incarceration for each inmate to be called as a witness; (2) the name and place of employment for each IDOC employee to be called as a witness; and, (3) the names and addresses of any witnesses who are not residents or employees for whom a party seeks a trial subpoena. The party seeking the subpoena must provide the necessary witness and mileage fees pursuant to Federal Rule of Civil Procedure 45.**

5) **A jury trial is scheduled for   September 12, 2017     at 9:00 a.m. at the U.S. Courthouse in Springfield, Illinois. No writs to issue at this time.**

6) **This case is referred to Magistrate Judge Tom Schanzle-Haskins for a settlement conference pursuant to Local Rule 16.1(B). Judge Schanzle-Haskins' chambers will contact the parties to schedule the conference. Clerk is**

**directed to notify Judge Schanzle-Haskins' chambers of this referral.**

ENTERED:    March 16, 2017.

FOR THE COURT:

*s/ Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE
